ROGERS et al. v. FITCH et al.

(Circuit Court, S. D. New York. December 31, 1896).

PATENTS—VALIDITY—INFRINGEMENT—MATTRESSES.

The Fulton patent, No. 322,366, for a mattress, the lower portion of which is sunk below the bed rail, *held* valid and infringed.

This was a suit by Charles P. Rogers and others against Benjamin Fitch and others for alleged infringement of a patent for a mattress.

James A. Whitney, for plaintiffs.

Robert Grier Monroe, for defendants.

WHEELER, District Judge. This suit is brought upon patent No. 322,366, applied for May 12, 1884, granted July 14, 1885, to Samuel Fulton, for a mattress, and assigned to the plaintiffs. The patentee states in the specification that:

"The object of this invention is to provide a mattress which, when placed in position upon a bedstead or equivalent support, will maintain all the advantages incident to the usual or normal thickness of the mattress itself, without the undesirable height incident to the use of mattresses of ordinary construction. This object I accomplish by means of my said invention, which comprises a mattress having a rabbeted circumference, so formed and arranged that, when the mattress is placed in position upon a bedstead, the lower portion thereof will sink within or below the rails of the bedstead, thereby permitting only a small portion of the thickness of the mattress to extend above the rails, so that by this means no material additional height is given to the bed by the placing of the mattress upon the bedstead, and the bed, considered as a whole, is made much more compact than if the mattress were placed bodily upon the rails, with its whole thickness extended above the same."

"A is the upper circumferential frame of the mattress, made of wood or other suitable material. B is the lower circumferential frame thereof, of less diameter and width. This lower frame is connected with the upper by iron hangers, C, attached to the frames, respectively, by screws or other suitable means, in such manner that the lower frame is suspended from the upper."

"I do not limit myself to the precise construction of the parts herein shown, or the precise means of connecting said parts together, the essence of my invention consisting in a mattress circumferentially rabbeted, in such manner that, while its upper portion may be supported by the bedstead, its lower and depressed part will be suspended from its upper portion, and situated below the level of the top of the frame of the bed."

The claim alleged to be infringed is:

"(1) As a new article of manufacture, a mattress for bedstead, the circumference of which is rabbeted, to enable it to be supported at its upper part by the rails of the bedstead with its lower part suspended between said rails, all substantially as and for the purpose herein set forth."

The answer sets up that the patent is void:

"(1) Because, before the supposed invention by the said Fulton of said alleged improvement, the same thing, in all substantial and patentable respects, or substantial and material part or parts thereof, was or were described in letters patent of the United States, and particularly in patents No. 189,104, granted T. R. Jones, April 3, 1877; No. 251,630, granted F. A. Palmer, December 27, 1881; No. 237,586, granted F. A. Palmer, February 8, 1881; No. 271,062, granted Henry A. Hale, January 23, 1883.

"(2) Because, before the supposed invention by the said Fulton of said alleged improvement, the same had been made by others in this country, and particularly by William H. Judson, Chicago, Ill., now residing at 101 W. 78th street, New York, and used by G. W. Holt, of 54 Pine street, New York City."

"(4) Because, in view of the state of the art at and before the time of the supposed invention by said Fulton of said alleged improvement, and of which due proof will be made, the said alleged improvement did not involve or constitute patentable invention or discovery."

—And denies infringement.

The invention is clearly and satisfactorily shown by the testimony of the witnesses Smith and Weber to have been made in 1881, before August 20. The plaintiffs have put in evidence the file wrapper and contents, which show that the application was rejected by the examiner on references to patent No. 246,378, dated August 30, 1881, and granted to Edmund E. Elston, and to this patent to Hale, both for car seats, with those patents, and the decision of the examiners in chief allowing this one. The defendants rely upon the patent to Elston, so put in evidence by the plaintiffs, as an anticipation, as if pleaded and put in evidence by themselves, which would probably be well enough; but both, as well as the making and use by Judson and Holt, are antedated by this invention. Besides this, those patents are in a different branch of workmanship from this one, and what would be mere mechanical skill in that might be invention in this. Potts v. Creager, 155 U. S. 597, 15 Sup. Ct. 194. Neither of the patents which antedate this invention comes anywhere near showing or describing it. The proofs show that Judson did make, and that he and Holt did use, mattresses embodying this invention, as nearly as the mattresses of the defendants do; and this is claimed to have been such a public use for more than two years prior to the application as would defeat the patent. But this defense is not set up in the answer, and is not clearly shown for the two full years by the evidence. The patentable novelty of the invention is not very clear. Still, it seems to be sufficient, especially as it appears to have immediately gone into extensive use by the defendants, as well as others, under licenses.

The defendants are said in argument not to infringe, because their mattresses are so suspended at the sides, and not at the ends; and that, therefore, their "circumference" is not rabbeted, according to the terms of the patent. But the rabbeted sides support the low-suspended mattress all the way round, although they do not go across the ends, in the same way that the rabbeted parts of the patented structure do; and so they infringe pro tanto, at least. Decree for plaintiffs.